CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 21 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT EDWARD PATTERSON, | ) | |
| Plaintiff, | ) | Civil Action No. 7:05CV00474 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WILLIAM STARKE MUNDY, et al., | ) | By Hon. Glen E. Conrad |
| Defendants. | ) | United States District Judge |

The plaintiff, Robert Edward Patterson, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. The action is presently before the court on various pending motions. For the reasons that follow, the court will grant the defendants' motion for summary judgment and the plaintiffs' motions to add additional exhibits. The court will deny the plaintiff's motion for in camera inspection, the plaintiff's motion to add an additional defendant, and the plaintiff's motion to add an additional claim.

## BACKGROUND

On December 19, 2002, the plaintiff was convicted of abduction and spousal rape in the Circuit Court for the County of Amherst. The plaintiff was sentenced to a term of thirty-two years imprisonment with fifteen years suspended on specified conditions.

The plaintiff alleges that approximately one year after he was convicted, he submitted requests for information under the Virginia Freedom of Information Act to the Office of the Commonwealth's Attorney for the County of Amherst and the Office of the Sheriff. Specifically, the plaintiff alleges that he requested "police reports, notes, memorand[a] or statements" related to his criminal case. According to the plaintiff, both requests were denied pursuant to the Act's prisoner exclusion. See Va. Code § 2.2-3703(C) ("No provision of this chapter ... shall be construed to afford any rights to any person incarcerated in a state, local or federal correctional

facility....").[1]

On April 28, 2004, the plaintiff filed a petition for writ of mandamus in the Supreme Court of Virginia against the Circuit Court for the County of Amherst and the Commonwealth of Virginia. The plaintiff requested an order requiring the respondents to deliver all police reports and discovery pertaining to his criminal case. The Supreme Court dismissed the petition on September 24, 2004.

The plaintiff filed this action against the defendants on July 25, 2005. The plaintiff alleges that he is planning to file a habeas corpus petition, and that he needs the requested information in order to prove his innocence. The plaintiff contends that the police reports were withheld from his criminal trial, and that they contain exculpatory information. The plaintiff seeks injunctive relief.[2]

The defendants filed a motion to dismiss the action, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on September 29, 2005. The plaintiff filed a response to the defendants' motion on October 20, 2005. Because materials in the form of affidavits and exhibits have been submitted by the plaintiff, the defendants' motion will be treated as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.[3] See Fed. R. Civ. P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss ... matters outside the

---

[1] At the time the requests were denied, the prisoner exclusion was contained in Virginia Code § 2.2-3705 (repealed).

[2] Specifically, the plaintiff "asks this court to provide the plaintiff with a copy of all police reports, notes, memorand[a] or statements made by any person in relation to the plaintiff's conviction of the charges he is currently incarcerated for, so he can prove that he is completely innocent of all charges."

[3] In the Roseboro notice filed on September 29, 2005, both sides were advised that if documents or affidavits were submitted by either party, any remaining motions to dismiss would be treated as motion for summary judgment.

2

pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...."). The defendants' motion and various motions filed by the plaintiff are presently before the court for review.

## DISCUSSION

### A. Defendants' Motion for Summary Judgment

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is properly granted if "there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For a party's evidence to raise a genuine issue of material fact to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party. Terry's Floor Fashions, Inc. v. Burlington Indust., Inc., 763 F.2d 604, 610 (4th Cir. 1985).

#### 1. Plaintiff's First Amendment Claims

In his first claim, the plaintiff alleges that the defendants violated his First Amendment rights by refusing to provide the requested police reports. Although "the First Amendment provides the general public a right of access to criminal trials, including access to documents submitted in the course of criminal trials," Fisher v. King, 232 F.3d 391, 396 (4th Cir. 2000), it is clear from the plaintiff's own allegations that the requested police reports are not subject to this protected right. The plaintiff specifically states in response to the defendants' motion that "[w]hat the plaintiff seeks is documents that were withheld from his criminal trial...." (Pl.'s Resp. at 9). The plaintiff emphasizes that "the police reports in his [case] was [sic] withheld

3

from the court by Commonwealth's Attorney Mundy and Investigator Inge and these police reports will prove exculpatory evidence was withheld." (Pl.'s Resp. at 10). Since the police reports requested by the plaintiff were not made a part of the criminal proceedings, they are not subject to a right of access by the general public. See Ctr. for Nat'l Sec. Studies v. United States DOJ, 331 F.3d 918, 934 (D.C. Cir. 2003) ("The narrow First Amendment right of access to information...does not extend to non-judicial documents that are not part of a criminal trial, such as the investigatory documents at issue here."). Therefore, the defendants are entitled to summary judgment with respect to the plaintiff's first claim.

The plaintiff also alleges that the defendants have violated his right of access to the courts by refusing to provide copies of the requested police reports. It is well established that inmates have a fundamental right to "adequate, effective, and meaningful" access to courts. Bounds v. Smith, 430 U.S. 817, 822 (1977). However, in order to prove that this right has been violated, an inmate must show that he has suffered an actual injury or specific harm to his litigation efforts. Strickler v. Waters, 989 F.2d 1375, 1383 (4th Cir. 1993). "The requirement of 'actual injury' has been held to mean the deprivation of legal materials 'actually prevented [plaintiff] from meeting deadlines, or otherwise prejudiced him in any pending litigation, or actually impeded his access to the courts.'" Oliver v. Powell, 250 F. Supp. 2d 593, 601 (E.D. Va. 2002) (quoting Oswald v. Graves, 819 F. Supp. 680, 683 (E.D. Mich. 1993)).

In the instant action, the plaintiff has failed to demonstrate any actual injury to his litigation efforts. Although the plaintiff indicates that he needs the police reports to prove his innocence in a future habeas petition, there is no indication that the defendants have impeded his ability to seek habeas relief or otherwise prejudiced any pending litigation. Accordingly, the

4

defendants are entitled to summary judgment with respect to the plaintiff's access to courts claim.

### 2. **Plaintiff's Due Process Claim**

The plaintiff also contends that the defendants violated his Fourteenth Amendment right to due process and his "right to enter evidence" by refusing to provide the requested police reports, since the reports allegedly contain exculpatory evidence. However, the plaintiff has provided no legal authority to support the proposition that the defendants have a constitutional duty to disclose exculpatory evidence after criminal proceedings have concluded, and the court declines to conclude that such a duty exists. See Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety-Division of State Police, 411 F.3d 427, 444 (3d Cir. 2005) (declining to conclude that the defendants had a duty to come forward with exculpatory evidence after the plaintiff's conviction and appeal). Therefore, the defendants are entitled to summary judgment with respect to this claim.

### 3. **Equal Protection Claim**

In his final claim, the plaintiff contends that the defendants violated his Fourteenth Amendment right to equal protection by denying his request for the police reports. The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. In order to succeed on an equal protection claim, "a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648 (4th Cir. 2001). Once this

5

showing is met by the plaintiff, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Id.

In this case, the plaintiff has failed to make the threshold showing of disparate treatment. Given that the general public does not have a First Amendment right to access the information requested, the plaintiff cannot maintain that he was denied equal protection with respect to the First Amendment. See Fisher, 232 F.3d at 399 (holding that the defendants did not violate an inmate's right to equal protection by denying his request to physically access the original tape recording of his 911 call, since the general public did not have a First Amendment right of physical access). Moreover, the plaintiff has not shown that he was otherwise treated differently under the law. As the defendants point out, the plaintiff would not be entitled to obtain police reports under the Freedom of Information Act, even if he was not incarcerated. Such reports are specifically excluded from the provisions of the Act. See Va. Code § 2.2-3706(F)(1). Finally, the plaintiff has not shown that any other person, prisoner or nonprisoner, requested and received copies of the requested police reports from the defendants.[4] See id. (noting that Fisher had not shown that any other person had requested and received access to the original tape recording). Instead, one of the plaintiff's own exhibits indicates that his mother, Amanda Patterson, was denied access to the police reports, and the plaintiff acknowledges in his complaint that "everyone else that has attempted to obtain evidence on the behalf of the plaintiff is also denied the police reports."

---

[4] The affidavit submitted by the plaintiff from Larry L. Fiebelkorn is irrelevant. Mr. Fiebelkorn, another state inmate, alleges that he used the Freedom of Information Act to obtain reports and other documents from the police department in Newport News, Virginia.

In response to the defendants' motion, the plaintiff also argues that the Freedom of Information Act's prisoner exclusion provision "itself is in violation of the Equal Protection Clause of the Fourteenth Amendment." However, the court concludes that the plaintiff does not have standing to challenge the constitutionality of the provision. In order for a party to challenge the constitutionality of a statute, the party must have suffered an actual or threatened injury that is likely to be redressed by a favorable decision from the court. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). In this case, the plaintiff would not benefit from a favorable decision. Even if the plaintiff successfully challenged the constitutionality of the prisoner exclusion, he would not have the right to receive copies of police reports related to his closed criminal case. Accordingly, the plaintiff does not have standing to challenge the constitutionality of the prisoner exclusion provision, and the defendants are entitled to summary judgment with respect to his equal protection claim.

### B. Other Pending Motions

#### 1. Plaintiff's Motion for In Camera Inspection

In his motion for in camera inspection (docket # 17), the plaintiff asks the court to review the requested police reports in order to determine whether or not they contain exculpatory information. Having concluded that the defendants have no constitutional duty to disclose exculpatory evidence after the criminal proceedings have ended, the plaintiff's motion for in camera inspection must be denied.

#### 2. Plaintiff's Motion to Add an Additional Defendant

In his motion to add an additional defendant (docket # 18), the plaintiff requests permission to add Lieutenant C. Duval Doss, an investigator with the Amherst County Sheriff's

7

Department, as a defendant with respect to the plaintiff's first two claims. Having concluded that the plaintiff's first two claims are without merit, the plaintiff's motion to add an additional defendant must be denied.

### 3. Plaintiff's Motion to Add an Additional Claim

The plaintiff has also filed a motion to add an additional claim (docket # 19). Because the additional claim merely restates the claims that the plaintiff has already presented to the court, the court will deny the plaintiff's motion.

### 4. Plaintiff's Motion to Add Additional Exhibits

The plaintiff filed motions to add additional exhibits on October 27, 2005 (docket #21) and November 21, 2005 (docket #26). The court will grant both of these motions.

## CONCLUSION

For the reasons stated, the court will grant the defendants' motion for summary judgment and the plaintiff's motions to add additional exhibits. The court will deny the plaintiff's motion for in camera inspection, the plaintiff's motion to add an additional defendant, and the plaintiff's motion to add an additional claim.

**ENTER:** This 16th day of December, 2005.

United States District Judge

8

Case 7:05-cv-00474-GEC-mfu Document 29 Filed 12/21/05 Page 8 of 8 Pageid#: 229